UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYRONE HILL, AUNDREA SMITH, and JEFF URSERY, as Next Friend for SHAWN VAUGHN, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) No. 4:13-CV-783 JAR |
| v. | )<br>) |
| JOHN WRIGHT and BLACK & VEATCH, | )<br>) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Black & Veatch Corporation's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted (ECF No. 5). This matter is fully briefed and ready for disposition.[1]

In the Motion to Dismiss, Defendant Black & Veatch contends that Plaintiffs' Petition (ECF No. 9) fails to state a claim based upon *respondeat superior* liability. Although Plaintiffs allege that Defendant Wright "was an agent and employee of Defendant Black & Veatch" and that Defendant Wright "was acting in the course and scope of his employment with Defendant Black & Veatch," Black & Veatch asserts that the Petition "contains absolutely no facts to support these assertions." (ECF No. 6 (citing Petition, ¶¶6, 7). Black & Veatch contends that "Plaintiffs['] Complaint fails to allege any facts that a master-servant relationship existed, that

---

[1] On May 3, 2013, Plaintiffs filed their Memorandum in Opposition to Defendant Black & Veatch Corporation's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted ("Response"), ECF No. 13. Defendant Black & Veatch has not filed a reply in support of its Motion, but the time for filing a reply has run. See E.D.Mo. L.R. 4.01(C).

Defendant B&V controlled or had the right to control Defendant Wright or that Wright was acting in the furtherance of Defendant B&V's business." (ECF No. 6, p. 3 (citing Dibrill v. Normandy Associates, Inc., 383 S.W.3d 77, 90 (Mo. Ct. App. 2012)(dismissing the count for *respondeat superior* liability where "Plaintiff pleads no factual allegations supporting her conclusory allegation that [her rapist] was acting in the course and scope of his employment at the time of the alleged rape").

In response, Plaintiffs maintain that they have sufficiently alleged a claim for *respondeat superior* liability against Black & Veatch. (Response, pp. 1-2). Plaintiffs, however, request an opportunity to re-plead if the Court finds otherwise. (Id., p. 2).

The Court notes that "an employer [may be held] liable under a theory of *respondeat superior* 'for damages attributable to the misconduct of an employee or agent acting within the course and scope of the employment or agency.'" Rebstock v. Evans Prod. Eng'g Co., Inc., 4:08CV01348 ERW, 2009 WL 3401262, at *10 (E.D. Mo. Oct. 20, 2009)(quoting McHaffie By & Through McHaffie v. Bunch, 891 S.W.2d 822, 825 (Mo. 1995)). "To recover under the doctrine of *respondeat superior* the plaintiff must demonstrate (1) the existence of an employer-employee relationship at time of the alleged negligence, (2) reliance by the plaintiff on the acts or omissions of the employee, and (3) the employee acted within the scope of the employment or scope of the agency." Rebstock v, 2009 WL 3401262, at *11 (citing Studebaker v. Nettie's Flower Garden, Inc., 842 S.W.2d 227, 229 (Mo. Ct. App. 1992)). However, "Plaintiffs are not required to use specific phrases such as 'vicarious liability' or '*respondeat superior*' in the complaint as long as the pleadings are sufficient to put the defendant on notice of the claim." Rebstock v, 2009 WL 3401262, at *11.

Although Plaintiffs are not required to use the term "*respondeat superior*," the Court holds that Plaintiffs have not put Black & Veatch on notice as to their claim against it. The Court notes that none of the three counts in the Petition are directed against Black & Veatch. (ECF No. 9). The Court finds that the Petition, as currently pled, does not assert a claim against Black & Veatch. The Court, however, will afford Plaintiffs another opportunity to file an amended complaint to clarify their cause(s) of action against Black & Veatch.

Accordingly,

**IT IS HEREBY ORDERED** that Black & Veatch Corporation's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [5] is **GRANTED**, in part. Plaintiffs shall file an amended complaint within ten (10) days of the date of this Order. Dated this 11th day of June, 2013.

                                                     **JOHN A. ROSS**
                                                     **UNITED STATES DISTRICT JUDGE**